**In the Matter of E. F. B., Appellant.**

**No. 7722.**

District of Columbia Court of Appeals.

Argued April 10, 1974.

Decided May 22, 1974.

Frederick H. Weisberg, Brooklyn, N. Y., appointed by this court, for appellant. Thomas Guidoboni, also appointed by this court, entered an appearance for appellant.

James N. Dulcan, Asst. Corp. Counsel, Washington, D. C. with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

This appeal is from an adjudication of delinquency by the Juvenile Branch of the Family Division of the Superior Court after a fact-finding hearing. The petition alleged that appellant carried a pistol without a license.[1] A motion to suppress was denied and it was stipulated that the arresting officer's testimony at the fact-finding hearing would be the same as it was on the motion.

The arresting officer testified that he and another officer encountered appellant, a juvenile, at about 4 a. m. in an alley behind the 1400 block of Euclid Street, N.W., a high crime neighborhood. Appellant was carrying the front wheel of a bicycle in one hand and the frame and rear wheel in the other. It appeared to be in good condition, capable of being put together and ridden, and the officer said he wondered why he was carrying it. The officer stopped and asked appellant to put the bicycle down, which he did, and the officer questioned him for about five minutes. He noticed a pair of pliers protruding from one of his pockets. Appellant said the bicycle belonged to a friend and that he was going to a nearby gas station which was still open. The officer had no knowledge of any report of a bicycle having been stolen recently in that area. The appellant gave him his name and address, which the officer estimated to be 15 blocks away, but when appellant was asked why he had chosen a gas station so far from his home, he stuttered and said he didn't know.

The officer decided to detain him and to enter the bicycle on the books as suspected proceeds of a crime. Upon frisking him the officer found, in addition to the pliers, a pistol with one round of ammunition in the chamber, a box-cutting type razor and a few other tools. A petition was filed against appellant alleging that he carried a pistol without a license. The court found that the officers had probable cause to detain the juvenile and his motion to suppress was denied. At the close of all the evidence the court denied a motion for judgment of acquittal, found appellant guilty of the offense and entered an order

1. D.C.Code 1973, § 22-3204.

adjudging him to be a delinquent. He was committed to the Social Rehabilitation Administration for an indeterminate period not to exceed two years. This appeal followed.

■ The officer here admittedly was faced with a difficult situation. He had no means at hand of proving the bicycle was stolen, yet that apparently was what his best judgment told him was the case. The suspect was a juvenile found in an alley at 4 a. m. carrying a disassembled bicycle, and unable to explain why he was so far from home. Regarding the often difficult problem faced by a court in determining whether an officer had probable cause to arrest, this court, quoting with approval from Jackson v. United States, 112 U.S. App.D.C. 260, 262, 302 F.2d 194, 196 (1962) has said:

■

"[P]robable cause is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest. The question to be answered is whether such an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested. . . ." [Patterson v. United States, D.C.App., 301 A.2d 67, 69 (1973) (footnote omitted).]

■ After a review of all of the evidence in the case, we cannot say the Juvenile Branch of the Family Division erred in its ruling on the motion to suppress or in its final adjudication.

Affirmed.